■ APPLETON ACQUISITION, LLC, et al., Respondents, v THE NATIONAL HOUSING PARTNERSHIP et al., Appellants. [826 NYS2d 7]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 1, 2006, which denied defendants' motion to dismiss pursuant to CPLR 3211, unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiffs are former limited partners or successors in interest to limited partners of Beautiful Village Associates Redevelopment Company (Beautiful Village), a New York limited partnership formed in 1978. Defendant National Housing Partnership (NHP) was the general partner and a subsidiary of defendant AIMCO Properties.

In 2002, NHP sent a proxy statement to plaintiff limited partners. The proxy statement proposed a merger and offered

the limited partners a choice of $100 or 2.5 AIMCO units for each Beautiful Village limited partnership unit. The proxy statement made it clear that the limited partners could "seek a judicial determination of the value of their Partnership interests in lieu of accepting the consideration offered in the Merger." However, the proxy statement and the attached financial statement also showed Beautiful Village as having negative value.

Some of plaintiff limited partners voted in favor of the merger; others were forced to accept it because more than 51% of the limited partnership interests voted in favor of the merger. The merger was consummated in 2003. It is undisputed that none of the limited partners exercised their appraisal rights under Partnership Law § 121-1102 (b) and (c).

Plaintiffs sued NHP for breach of fiduciary duty and breach of contract, AIMCO and Apartment Investment and Management Company (AIMCO's owner) for aiding and abetting breach of fiduciary duty, and all defendants for fraud and negligent misrepresentation. They sought rescission of the merger and/or damages.

The instant dispute is controlled entirely by Partnership Law § 121-1102 (d). Since no limited partner exercised its rights under subdivisions (b) and (c), subsequent action by a limited partner in "law or in equity . . . to attack the validity of the merger . . . , or to have the merger . . . set aside or rescinded" is barred (*id.*). Therefore the complaint must be dismissed. We decline plaintiffs' invitation to rewrite the statute and graft the fraud exception of Business Corporation Law § 623 (k) onto an otherwise clear legislative pronouncement. That determination is properly left to the Legislature. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.